■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EARL COWARD, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Clyne, J.), rendered October 10, 1980, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. ¶ Judgment modified, on the law, by vacating the sentence imposed thereon. As so modified, judgment affirmed and case remitted to the County Court, Nassau County, for resentencing by a Judge other than the one who imposed the original sentence. ¶ Defendant was convicted of the crime of burglary in the first degree which requires proof of physical injury to the victim (Penal Law, § 140.30). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law, § 10.00, subd 9). At trial, complainant testified that the defendant punched her about the face and head with a closed fist, and that he bit her about the chest. These injuries caused bruises about her face, redness around her neck, and bleeding on her chest. She also stated that her whole body was sore, and that she had a terrible headache. A detective arriving after the incident noticed that the complainant's face was swollen, and he took her to the hospital. While in the hospital she was given "two injections and two pills with penicillin or antibiotic". ¶ Defendant was also acquitted of rape in the first degree and sodomy in the first degree. He argues that his acquittal on those charges precludes consideration of the injuries inflicted during the alleged sexual attack, even though the injuries occurred during the course of the burglary. We disagree. In voting for acquittal, the jury could have rejected the part of complainant's testimony which was unrelated to these injuries, especially because "physical injury" is not an element of rape in the first degree (Penal Law, § 130.35) or sodomy in the first degree (Penal Law, § 130.50) and barring an inconsistency, this court should not speculate as to the reasons for acquittal (see *United States v Lubrano,* 529 F2d 633; *United States v Finkelstein,* 526 F2d 517; *United States v Zane,* 495 F2d 683). ¶ Whether the "substantial pain" necessary to establish physical injury has been proved is generally a question for the trier of fact (*Matter of Philip A.,* 49 NY2d 198), and if any rational trier of fact could have found that the pain was substantial, the evidence must be held sufficient to support defendant's conviction (*People v Contes,* 60 NY2d 620). Where, as here, the victim was subjected to a violent attack which went beyond "petty slaps, shoves, [and] kicks" (see Temporary Commission on Revision of the Penal Law and Criminal Code, Proposed Penal Law, p 330), causing bleeding, bruises and swelling (see *People v Todd,* 59 NY2d 694), and requiring medical treatment (see *People v Rojas,* 61 NY2d 726), the jury could reasonably infer the pain was substantial. Not only did the subjective reaction of the victim support an inference of substantial pain, but her testimony was corroborated by an objective level of physical impairment (cf. *Matter of Philip A., supra*). ¶ The matter should be remitted for resentencing by a different Judge, however, in light of the sentencing court's remarks which apparently demonstrated that he had considered testimony relating to crimes for which defendant had been acquitted as a basis for sentencing (cf. *People v Hall,* 46 NY2d 873). Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.