■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO FELIPE, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not abuse its discretion in allowing a police officer to testify that defendant pointed a gun at him while fleeing from the crime scene because the testimony was relevant to defendant's state of

mind in possessing the weapon and was an integral part of the narrative of events *(see, People v Alvino,* 71 NY2d 233, 241-243; *People v Vails,* 43 NY2d 364, 368-369). The court followed the proper procedure in balancing the probative value of the testimony against any prejudice to the defendant *(see, People v Ventimiglia,* 52 NY2d 350) and promptly instructed the jury that defendant was not charged with shooting at the police. Defendant's claim that the evidence did not establish physical injury sufficiently to sustain his conviction under the second degree assault counts lacks merit since each victim testified that the injuries received caused pain, and it is a question for the trier of fact whether the pain was substantial *(see, People v Rojas,* 61 NY2d 726; *People v Rogers,* 138 AD2d 419, *lv denied* 71 NY2d 1032; *People v Fasano,* 112 AD2d 791; *People v Coward,* 100 AD2d 628). Since the trial evidence was legally sufficient, defendant's claim regarding the validity of the court's order denying his motion to dismiss the indictment is not reviewable upon appeal *(see,* CPL 210.30 [6]). (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—criminal possession of weapon, second degree; assault, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.