**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Trinidad RAMOS, Defendant–Appellant.**

No. 00CA0675.

Colorado Court of Appeals,
Div. A.

Feb. 28, 2002.

As Modified on Denial of Rehearing
April 11, 2002.

Certiorari Denied Sept. 9, 2002.

Ken Salazar, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Trinidad Ramos, appeals from the sentence entered by the trial court upon a jury verdict finding him guilty of driving after revocation prohibited, a class six felony. We affirm the sentence, but remand for correction of the mittimus.

The driving after revocation charge, as well as a misdemeanor charge of eluding a police officer, arose when defendant was pulled over by the police for speeding in a borrowed vehicle. After first approaching the patrol officer at the scene of the stop, defendant fled. He later was arrested when he reported to his parole officer for a scheduled appointment. He admitted that he had borrowed the vehicle, but stated that he had not driven it. He refused to name the alleged driver.

At trial, the patrol officer positively identified defendant as the sole occupant and driver of the vehicle. Defendant's brother, however, testified that he, not defendant, had been the driver of the vehicle. Defendant did not testify, and the jury found him guilty of both of the charged offenses.

Because defendant was on parole at the time of the felony offense, the trial court was required to sentence him in the aggravated sentencing range, fifteen to thirty-six months, for his class six felony conviction. See § 18–1–105(1)(a)(V)(A) and (9)(a)(II), C.R.S.2001.

During his presentence report interview, defendant told a probation officer, "I took this case to trial.... I was trying to prevent me going back to prison for my family.... I'm not going to keep holding it in. I was the one driving." And, at the sentencing hearing, defendant stated he did not "force anybody to come forward and testify on [his] behalf. The witnesses ... were only trying to protect some of the kids ... in my family [who would be] affected [by] the outcome of trial."

The court sentenced defendant to thirty-six months in the Department of Corrections, after finding, among other things, that defendant had made his offense very serious "primarily and only because" he presented perjured testimony by "getting [his] family to get up there to testify and present lies to the Court and to the jury."

■ On appeal, defendant contends that the trial court improperly imposed the maximum aggravated sentence for his felony conviction based solely on its finding that he presented perjured testimony at trial. We are not persuaded.

■ When reviewing sentences for excessiveness, appellate courts must consider the nature of the offense, the character of the offender, and the public interest in safety and deterrence. See People v. Blizzard, 852 P.2d 418, 419 (Colo.1993). Appellate courts must also accord considerable deference to a sentence imposed by the trial court because of that court's familiarity with the circumstances of the case. People v. Fuller, 791 P.2d 702, 706 (Colo.1990).

■ Consequently, if the sentence imposed is within the range required by law, is based upon appropriate considerations as reflected by the record, and is factually supported by the circumstances of the case, we must uphold it on review. People v. Fuller, supra.

Here, we perceive no error in the trial court's consideration of defendant's presentation of perjured testimony. In language equally applicable to the circumstances here, the United States Supreme Court, in United States v. Dunnigan, 507 U.S. 87, 97–98, 113 S.Ct. 1111, 1118, 122 L.Ed.2d 445, 455 (1993), noted:

It is rational for a sentencing authority to conclude that a defendant who commits a crime and then perjures [him]self in an unlawful attempt to avoid responsibility is more threatening to society and less deserving of leniency than a defendant who does not so defy the trial process. The perjuring defendant's willingness to frustrate judicial proceedings to avoid criminal liability suggests that the need for incapacitation and retribution is heightened as

compared with the defendant charged with the same crime who allows judicial proceedings to progress without resorting to perjury.

*See United States v. Lowder,* 148 F.3d 548, 553 (5th Cir.1998)(relying on *Dunnigan* in upholding an enhanced sentence based on defendant's presentation of another's perjured testimony).

Nevertheless, relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendant argues that to justify an enhanced sentence, a finding that he presented perjured testimony must be made by a jury and upon proof establishing the fact beyond a reasonable doubt. We conclude that *Apprendi* is distinguishable.

In *Apprendi,* the defendant was convicted of possessing a firearm for an unlawful purpose, a crime that by statute carried with it a sentence of five to ten years incarceration. The trial court, however, sentenced him pursuant to a separate statutory provision authorizing an enhanced penalty of ten to twenty years for committing a crime with the intent to intimidate others because of their race. Subsequently, the Supreme Court struck down the enhanced sentence, holding that, other than a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

In contrast to *Apprendi,* the trial court here did not make a factual determination that in any way altered the applicable sentencing range. Rather, the court considered defendant's conduct in presenting perjured testimony only in determining the appropriate penalty within the sentencing range mandated by statute. It did not err in doing so.

Indeed, the *Apprendi* Court noted that nothing in its opinion suggested that it is impermissible for judges to exercise discretion, "taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute." *Apprendi, supra,* 530 U.S. at 481, 120 S.Ct. at 2358, 147 L.Ed.2d at 449.

We note that the trial court considered, as reasons for imposing the thirty-six-month sentence, not only defendant's presentation of perjured testimony, but also his extensive criminal history, which included: (1) prior felony convictions for witness tampering, habitual driving offenses, and escape from community corrections; (2) multiple misdemeanor convictions for domestic violence, assault, and alcohol-related offenses; and (3) failure to complete previous sentences to probation.

We conclude that the sentence is within the range prescribed by law, is based on appropriate considerations as indicated by the record, and is factually supported by the circumstances of the case. Therefore, the trial court did not abuse its discretion in sentencing defendant. *See People v. Blizzard, supra,* 852 P.2d at 419; *People v. Fuller, supra,* 791 P.2d at 706.

■ However, because the mittimus does not reflect an actual term of mandatory parole, we remand to the trial court for entry of a corrected mittimus stating that defendant is also subject to a one-year period of mandatory parole pursuant to § 18–1–105(1)(a)(V)(A). *See Craig v. People,* 986 P.2d 951, 959 (Colo.1999).

The sentence is affirmed, and the case is remanded for correction of the mittimus.

Judge STERNBERG * and Judge CRISWELL* concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.