The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

PHONG LE, Defendant–Appellant.

No. 01CA1303.

Colorado Court of Appeals, Div. III.

Feb. 13, 2003.

Rehearing Denied April 17, 2003.

§ 24–51–1105, C.R.S.2002.

 ⚷1134(3)

Ken· Salazar, Attorney General, Lauren Edelstein Park, Assistant Attorney General, Karen E. Lorenz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Forrest W. Lewis, P.C., Forrest W. Lewis, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Phong Le, appeals his sentences, which total thirty-six years in the Department of Corrections (DOC). We affirm the sentences and remand for amendment of the mittimus.

Defendant and three other individuals planned and carried out a robbery of his sister-in-law's home. Two of the others later returned to the home, where they fatally shot the sister-in-law and her friend and also wounded a child.

Following a jury trial, defendant was found guilty of solicitation to commit first degree burglary, solicitation to commit aggravated robbery, conspiracy to commit first degree burglary, conspiracy to commit aggravated robbery, burglary, theft, and attempt to influence a public servant. He was acquitted on four counts of first degree murder and on counts of solicitation to commit first degree murder and attempt to commit aggravated robbery.

The court imposed sentences of twelve years on each of the solicitation convictions, to run concurrently with each other; twelve years on the conspiracy convictions, to run concurrently with each other and consecutively to the solicitation sentences; and twelve years on the burglary and the theft convictions, to run concurrently with each other and consecutively to the solicitation and conspiracy sentences. Each twelve-year sentence is the maximum within the aggravated range pursuant to § 18–1.3–401(1)(a)(V)(A) and (6), C.R.S.2002. The court also imposed a six-year sentence on the attempt to influence a public servant conviction, to run concurrently with all the other sentences. Thus, defendant's aggregate DOC sentence is thirty-six years.

### I.

In this direct appeal, defendant contends that the court erred in imposing the maximum sentences in the aggravated range. Defendant asserts that his sentences are illegal and excessive as a matter of law because they are based on findings that are unsupported by the record and contrary to law and the jury verdict acquitting him of murder. Specifically, defendant argues that the court improperly considered the prosecution's "but for" argument—that but for the actions of defendant, the homicide victims would not have been killed—related to the murders, as well as evidence of his failure to stop or dissuade the others from returning to the victim's home. We find no basis for reversal.

Appellate courts must accord considerable deference to a sentence imposed by the trial court because of that court's familiarity with the circumstances of the case. *People v. Fuller,* 791 P.2d 702 (Colo.1990). Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Watkins,* 684 P.2d 234 (Colo.1984). If the sentence imposed is within the range required by law, is based upon appropriate considerations as reflected by the record, and is factually supported by the circumstances of the case, we must uphold it on review. *People v. Fuller, supra.*

The basic factors implicated in any sentencing decision include "the gravity of the offense, the extent of injury caused to the victim, the defendant's societal history and prior criminal record, the risk of future criminal conduct posed by the defendant, and the potential of the defendant for effective reha-

bilitation." *People v. Madril*, 746 P.2d 1329, 1336 (Colo.1987). Further, the circumstances of the crime alone may justify imposition of a maximum sentence. *People v. Vigil*, 718 P.2d 496 (Colo.1986).

Here, at the sentencing hearing, the prosecutor argued:

This wasn't just a burglary. The truth of the matter is, but for this man's conduct, two people would not have been butchered in their own home, and a four-year-old boy shot.

In response, defense counsel argued that the "but for" argument was improper because, "Defendant was not the person who killed these people, and he didn't intend them to be killed. That's what the evidence was. That's what the jury found."

In its sentencing findings, the court stated:

The defendant was found not guilty of murder and felony murder, despite the fact that it was the position of the prosecution that this is the individual who really put the whole thing into play, and that he, in essence, arranged to have his sister-in-law killed. And that was a hotly contested issue, and one that the jury resolved in favor of the defendant.

Nonetheless, they found him guilty of some fairly serious crimes, including conspiracy to commit armed robbery and solicitation to commit aggravated robbery, [and] second-degree burglary, and I think that there is some weight to be given to the but-for argument, because I think that it is true that but for the actions of this individual, those individuals would not have died, would not have been killed.

While I certainly can't say that the defendant arranged to have them killed, it's fairly clear from the jury's verdict that he put into motion crimes which were not only very serious in and of themselves, but which created a great risk to the individuals who ended up getting murdered as a result of the crimes that he put in motion.

And I think that's a fact that I can take into consideration, and I will take into account that this individual did, regardless of what his intentions may have been, at best obviously disregarded the great risk that he ... was subjecting these folks to. The prosecution, of course, would argue that he did much more than disregard a risk, that he intentionally caused it to happen. But I think that, based on the jury's verdict, the most that I can assume is that he consciously disregarded a substantial risk that this would happen, despite the fact that he knew what [the shooter] was like, and he certainly participated, to a greater or lesser degree, in every aspect of the planning and initial implementation of the crime, and participated in part of it.

. . . .

So I find as a result of that, that there are not only these serious crimes, but also that there is significant aggravation involved here.

Although the sentencing court considered mitigating factors, it unequivocally concluded that the aggravating factors, including defendant's serious juvenile record and the "severity of the crimes and the ultimate consequences of putting these crimes in place," outweighed the mitigating circumstances. The court summed up its findings on aggravation:

[T]hose exceptional circumstances include [the fact that] the defendant, despite a young age, has a very serious criminal history; and two, and this is really the important one, that these particular crimes resulted in the most serious consequence possible, that is, the death of two individuals, and the shooting of a 4–year–old child.

Contrary to defendant's argument, the court was not, in effect, sentencing him for murders of which he had been acquitted. The record indicates that the court specifically acknowledged and took into account defendant's acquittal on the murder counts. The court recognized that the jury resolved in defendant's favor the contested issue of whether he had arranged the murder. In imposing the aggravated range sentences, the court was not assigning defendant direct culpability for the shooting, but was instead focusing on his role in the crimes for which he was convicted and emphasizing the substantial and serious risks that such crimes create and the grave consequences that

can—and here ultimately did—result from them.

■ As the court's quoted remarks indicate, the court considered to some extent the prosecution's "but for" argument. Further, while the court considered the evidence that defendant withdrew from the conspiracy, it observed, with record support, that defendant had set in motion the series of events that ultimately led to the deaths and that he "did not do anything to prevent the crime from happening at that point." The court specifically indicated it would not assume that defendant had a legal duty to stop the others from returning to the victim's home, but nonetheless noted that the ultimate killing "certainly is a crime that he could have prevented."

We do not agree with defendant's assertion that the court's consideration of such factors was improper. *Cf. People v. Lowery,* 642 P.2d 515, 518 (Colo.1982)("it is proper for the judge to consider aggravating or mitigating information, including other charges dismissed at the time of the plea"); *People v. Campbell,* 58 P.3d 1080 (Colo.App.2002)(*cert. granted* Nov. 25, 2002)(sentencing court did not abuse its discretion in considering that defendant previously failed to seek help for a woman who had died of an obvious drug overdose in his presence).

■ Further, even if we were to agree with defendant that his sentence is based to some extent on conduct that formed the basis of a charge of which he was acquitted, that fact would not compel reversal. *See United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 638, 136 L.Ed.2d 554 (1997)("[A] jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."); *see also United States v. Mendez–Zamora,* 296 F.3d 1013 (10th Cir. 2002)(same).

Here, the sentencing court's consideration of defendant's role in the crimes that later led to the murders was not tantamount to punishing him for crimes of which he was acquitted. Rather, the court properly evaluated the overall circumstances of the crimes

of which he was convicted and of the serious risks that attend such crimes. *See People v. Vigil, supra; People v. Smith,* 881 P.2d 385, 389 (Colo.App.1994)("The circumstances of the crime and the offender's past criminal record may justify the imposition of a lengthy sentence.").

We therefore find no abuse of discretion.

## II.

Defendant also contends that the trial court erred in imposing consecutive sentences on the solicitation convictions and the conspiracy convictions. He asserts that the evidence supporting these counts is identical and that the sentences therefore must be concurrent pursuant to § 18–1–408(3), C.R.S. 2002. We agree.

■ When a defendant is convicted of multiple offenses, the sentencing court has discretion to impose consecutive or concurrent sentences. However, § 18–1–408(3) mandates imposition of concurrent sentences for offenses committed against a single victim when the counts are based on the same act or series of acts arising from the same criminal episode and the evidence supporting the counts is identical. *People v. Jurado,* 30 P.3d 769 (Colo.App.2001).

■ "Whether the evidence supporting two or more offenses is identical turns on whether the charges result from the same discrete act, so that the evidence of the act is identical, or from two or more acts fairly considered to be separate acts, so that the evidence is different." *People v. Page,* 907 P.2d 624, 637 (Colo.App.1995).

■ Here, the conspiracy and solicitation convictions arose out of the same acts and are based on the same criminal episode, specifically, the planning session held among the four members of the group before the first burglary.

The offense of criminal solicitation requires proof that the defendant "commands, induces, entreats, or otherwise attempts to persuade another person ... to commit a felony." Section 18–2–301(1), C.R.S.2002. The crime of conspiracy is the illegal agreement to commit a crime coupled with at least

one overt act in furtherance of that agreement. Section 18–2–201, C.R.S.2002; *see People v. Hood,* 878 P.2d 89, 95 (Colo.App. 1994)(proof of the elements of solicitation does not necessarily establish conspiracy and vice versa).

Although the crime of solicitation requires proof of inducement, and conspiracy requires proof of an agreement and of an act in furtherance thereof, the convictions here were based on the same acts: the planning by the members of the group to rob the home of the victim and the performance of that robbery. Therefore, because the evidence supporting the convictions for conspiracy and solicitation was identical, concurrent sentencing was required. *See People v. Page, supra* (prosecution failed to establish basis for depriving defendant of right to concurrent sentences when the assault and attempted murder charges were based on identical evidence).

Thus, we remand for amendment of the mittimus to provide that the sentences on the solicitation convictions and the conspiracy convictions shall run concurrently with each other, as required by § 18–1–408(3).

## III.

■ Finally, we reject defendant's challenge to his aggravated sentences under the rationale of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We conclude that the rule in that case does not apply to defendant's sentences. *See People v. Allen,* 43 P.3d 689, 693 (Colo.App.2001)(holding that *Apprendi* does not prohibit "the trial court, in its discretion, to sentence in aggravated or mitigated ranges based on unspecified extraordinary aggravating or mitigating factors or circumstances particularized to the defendant or the offense"); *see also People v. Ramos,* 53 P.3d 1178 (Colo.App.2002).

The sentences are affirmed, and the case is remanded to the trial court for amendment of the mittimus to provide that the sentences on defendant's solicitation and conspiracy convictions shall run concurrently with each other.

Judge STERNBERG * concurs.

Judge NEY dissents.

Judge NEY dissenting.

I dissent because I conclude the sentencing court improperly based defendant's aggravated sentences on acquitted conduct.

Here, two distinct criminal episodes occurred, and defendant was acquitted of participation in the second episode. However, the sentencing court concluded that "but for" defendant's conduct before and during the first episode, the second episode would not have occurred. The court then used the acquitted crimes to support defendant's sentences in the maximum aggravated range.

In my view, defendant thus received punishment for crimes of which he was acquitted by the jury. I consider this type of sentencing to be an abuse of discretion. *See, e.g., People v. Coward,* 100 A.D.2d 628, 473 N.Y.S.2d 591, 593 (N.Y.App.Div.1984)(remanding for resentencing "in light of the sentencing court's remarks which apparently demonstrated that [it] had considered testimony relating to crimes for which defendant had been acquitted as a basis for sentencing").

Accordingly, I would remand the case for resentencing.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. IV, § 5(3), and

§ 24–51–1105, C.R.S.2002.