The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Elijah E. BEATTY, Defendant–Appellant.

No. 00CA2090.

Colorado Court of Appeals, Div. V.

Feb. 27, 2003.

As Modified on Denial of Rehearing July 3, 2003.

Certiorari Denied Dec. 15, 2003.

Ken Salazar, Attorney General, Wendy J. Ritz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Keyonyu X O'Connell, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Elijah E. Beatty, appeals the judgment of conviction entered on jury verdicts finding him guilty of attempted first degree murder after deliberation, two counts of attempted extreme indifference murder, three counts of attempted first degree assault, three counts of reckless endangerment, and illegal discharge of a firearm. Defendant also appeals the sentence imposed by the trial court. We affirm in part, vacate in part, and remand with directions.

The three victims, father, mother, and child, were traveling in a car. The father was driving, the mother was in the passenger seat, and the child was asleep in the back seat. A white car pulled up next to them, and defendant, who was riding in the back seat, said something to the father. When the father rolled down his window, defendant asked him whether he was the person who had stared at him at a grocery store the previous week. Defendant also said, "Yeah, I know your bitch," referring to the mother. The white car then drove away. The mother testified that she and the father had seen defendant at a grocery store approximately a week earlier.

Later that evening, the white car began to follow the victims' car. The father saw defendant in the front passenger seat of the white car holding a gun, and then he heard gunshots. Two bullet holes were found in the victims' car.

Defendant was convicted of the above mentioned charges after a jury trial. The jury also found that the three attempted first degree murder counts and the three assault counts were crimes of violence under § 18–1.3–406, C.R.S.2002. Defendant was sentenced to thirty-eight years in the Department of Corrections for each attempted murder conviction, twelve years for each attempted assault conviction, six months for each reckless endangerment conviction, and six months for the illegal discharge of a firearm conviction. Two of the attempted murder sentences were to be served consecutively, and the remaining sentences were to be served concurrently. This appeal followed.

## I.

Defendant contends that the jury was incorrectly instructed on the elements of attempted first degree murder after deliberation and, as a result, he was deprived of his due process right to have the jury determine that every element of that charge was proved beyond a reasonable doubt. We perceive no reversible error.

■ Where a defendant does not object to the trial court's jury instructions, we review using a plain error standard. Plain error occurs where the error so undermines the fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. To require reversal for plain error with respect to jury instructions, the defendant must demonstrate that the instructions affected a substantial right and that a reasonable possibility exists that the error contributed to his conviction. *People v. Garcia*, 28 P.3d 340 (Colo.2001).

Criminal attempt requires that the accused act with the kind of culpability otherwise required for commission of an offense and engage in conduct constituting a substantial step toward the commission of the offense. Section 18–2–101(1), C.R.S.2002. Where a defendant is charged with attempted first degree murder after deliberation, the "substantial step" element requires proof of the intent to commit first degree murder. First degree murder after deliberation requires that the act in question be committed after deliberation and with the intent to kill the victim. Section 18–3–102(1)(a), C.R.S.2002; *Gann v. People*, 736 P.2d 37 (Colo.1987); *People v. Caldwell*, 43 P.3d 663 (Colo.App. 2001).

■ An instruction defining attempted first degree murder after deliberation is erroneous if it omits any reference to the requirement that the defendant must have acted after deliberation and with the intent to kill. The preferable practice is to include the mens rea element of an offense in the instruction defining the offense. *Gann v. People, supra*.

■ However, "[t]he failure to include the culpable mental state in the instruction defining the offense is not plain error so long as

the instructions, read and considered in their entirety, clearly instruct the jury as to the required mens rea." *Gann v. People, supra*, 736 P.2d at 39; *see People v. Caldwell, supra*.

■ Here, the jury was instructed that the elements of attempted first degree murder after deliberation are that defendant intentionally engaged in conduct constituting a substantial step toward the commission of murder in the first degree after deliberation. Defendant argues that this instruction is deficient because it omits any reference to the requirement that defendant intended to cause the death of another person after deliberation. However, the jury was separately instructed that first degree murder after deliberation includes the elements that defendant acted with intent to cause the death of another person and after deliberation.

Thus, the instructions taken as a whole clearly instructed the jury on the requisite elements of attempted first degree murder after deliberation, and any error in the attempt instruction is not plain error. *See People v. Caldwell, supra*.

## II.

Defendant also contends that the trial court erred in denying his motion for a judgment of acquittal because insufficient evidence was presented to show that he acted with the requisite intent for attempted first degree murder after deliberation. Again, we disagree.

■ In assessing the sufficiency of the evidence supporting a guilty verdict, a reviewing court must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt. *People v. Sprouse*, 983 P.2d 771 (Colo.1999); *Kogan v. People*, 756 P.2d 945 (Colo.1988).

When ruling on a motion for judgment of acquittal, the trial court must consider both the prosecution and the defense evidence. In performing this function, the court is bound by five well-established principles of law. First, the court must

give the prosecution the benefit of every reasonable inference, which might be fairly drawn from the evidence. Second, the determination of the credibility of witnesses is solely within the province of the jury. Third, the trial court may not serve as a thirteenth juror and determine what specific weight should be accorded to various pieces of evidence or by resolving conflicts in the evidence. Fourth, a modicum of relevant evidence will not rationally support a conviction beyond a reasonable doubt. Finally, verdicts in criminal cases may not be based on guessing, speculation, or conjecture.

*People v. Sprouse, supra*, 983 P.2d at 778 (citations omitted); *see Kogan v. People, supra*.

■ Here, defendant argues that insufficient evidence was presented to prove that he specifically intended to cause the father's death after deliberation because there was little evidence that defendant was the shooter and no credible evidence that he intended to kill the father.

However, there was evidence of a verbal conflict between the father and defendant on the night of the shooting, which conflict was precipitated by an encounter between the father and defendant at a grocery store the previous week. There was also evidence that defendant expressed hostility toward the father after the verbal conflict. Although the driver of the white car recanted her pretrial statements, there was evidence that she told the police that defendant got into the front seat of the car, directed her to pursue the victims' car, and fired two shots. Further, the father testified that the white car began to pursue the victims shortly after the verbal conflict and that he saw defendant in the front passenger seat with a gun and then heard gunshots.

Based on this evidence, a rational finder of fact could find the prosecution met its burden of proving beyond a reasonable doubt that defendant specifically intended to kill the father after deliberation.

## III.

Defendant contends that the verdicts for attempted extreme indifference murder of the mother and the child and attempted first degree assault of the mother and the child were inconsistent as to each victim. He also contends that the verdicts for attempted first degree murder after deliberation and reckless endangerment of the father were inconsistent. We agree in part.

■ Generally, consistency among verdicts is unnecessary, but if an element of one crime negates an element of another crime, guilty verdicts on both crimes are legally and logically inconsistent and should not be sustained. *People v. Frye*, 898 P.2d 559 (Colo. 1995); *People v. Jones*, 990 P.2d 1098 (Colo. App.1999).

### A.

■ We agree with defendant that the attempted extreme indifference murder and attempted first degree assault convictions as to the mother and as to the child are inconsistent.

Attempted first degree assault with a deadly weapon, as charged here, requires that a defendant act intending to cause serious bodily injury to any person by means of a deadly weapon. Sections 18–2–101(1), 18–3–202(1), C.R.S.2002. Attempted first degree assault is a specific intent crime. *See* § 18–1–501(5), C.R.S.2002.

■ Attempted extreme indifference murder is a general intent crime that requires that a defendant act with universal malice that is not directed at a particular person. *People v. Ellis*, 30 P.3d 774 (Colo. App.2001).

In *People v. Lee*, 914 P.2d 441 (Colo.App. 1995), a division of this court noted that while a defendant's intent may logically vary in committing crimes against separate victims, convictions of specific intent crimes and attempted extreme indifference murder arising out of the same conduct and involving the same victim are logically and legally inconsistent and cannot be sustained. Where a defendant engages in only one assaultive act, he or she cannot simultaneously have a specific intent to harm a particular person and uni-

versal malice that is not directed at a particular person.

Here, defendant was convicted of attempted extreme indifference murder and attempted first degree assault of the mother and of the child. Thus, the two verdicts as to each victim are inconsistent and cannot be sustained. *See People v. Lee, supra; People v. Atkins,* 844 P.2d 1196 (Colo.App.1992).

Under these circumstances, we are required to maximize the effect of the jury's verdict, retaining as many convictions and upholding as many sentences as are legally possible. *See People v. Lee, supra; People v. Atkins, supra.* The sentence for one of the attempted extreme indifference murder counts was consecutive to the sentence for attempted first degree murder after deliberation and concurrent with all other counts. The sentence on the other attempted extreme indifference murder count was concurrent with all other counts. Thus, we conclude that the two convictions of attempted first degree assault regarding the mother and the child must be vacated to maximize the effect of the jury's verdict.

Because defendant's sentences for attempted first degree assault were to run concurrently with his attempted murder sentences, defendant suffered no prejudice from his sentence for the two now vacated attempted first degree assault convictions involving the mother and the child, and therefore, resentencing is not required. *See People v. James,* 981 P.2d 637 (Colo.App. 1998); *People v. Lee, supra.*

Defendant argues that fully effectuating the jury's verdicts "makes no sense ... where, as here, the jury's verdicts for different crimes are inconsistent." He argues that *People v. Glover,* 893 P.2d 1311 (Colo.1995), does not support our conclusion because that case did not involve inconsistent verdicts. Therefore, he argues, we should vacate either both verdicts or the greater offense as to each victim. We reject defendant's argument for implementing a result different from that in *Glover.* Further, defendant does not argue that there was insufficient evidence to support his convictions for attempted extreme indifference murder.

In *People v. Lee, supra,* a division of this court held that verdicts of attempted extreme indifference murder and second degree assault were inconsistent. The division relied upon *Glover* in holding that the effect of the jury verdicts should be maximized. We perceive no logical or legal reason to refuse to maximize the effect of the jury verdicts where, although inconsistent, sufficient evidence supported both verdicts.

 Further, in applying the rule in *Glover* to decide which of two convictions to retain, a court should effectuate the jury's verdict by entering as many convictions and imposing as many sentences as are legally possible. *People v. Jones, supra.* "[A] court should also consider the General Assembly's felony classification of the various crimes committed by the defendant, together with the length of sentences, because 'maximizing' a jury's verdict in this context connotes giving effect to the most serious offense." *People v. Jones, supra,* 990 P.2d at 1102. Accordingly, we reject defendant's argument and apply *Lee* and *Jones* here.

On remand, the trial court must amend the mittimus to delete the convictions and sentences for attempted first degree assault of the mother and child.

## B.

Defendant contends that his conviction for attempted first degree murder after deliberation is inconsistent with his conviction for reckless endangerment of the father. He argues that the intentional mens rea of the attempted murder charge is inconsistent with the reckless mens rea of the endangerment charge. We disagree.

Where recklessness establishes an element of a crime, that element is also established if the defendant acts intentionally. *See* § 18–1–503(3), C.R.S.2002.

 "When any conduct of a defendant establishes the commission of more than one offense, the defendant may be prosecuted for each such offense." Section 18–1–408(1), C.R.S.2002. However, if an element of one offense negates an element of the other offense, convictions of both offenses are incon-

sistent. *People v. Frye, supra; People v. Jones, supra.*

■ Here, contrary to defendant's argument, the jury's finding that he acted intentionally encompasses its finding that he acted recklessly, and thus, the finding of intentional conduct does not negate the reckless mens rea of the endangerment charge.

The analysis of the consistency of these two verdicts differs from the analysis of the consistency of verdicts for attempted extreme indifference murder and attempted first degree assault. Acting with the universal malice required for extreme indifference murder negates the specific intent element in first degree assault. However, acting intentionally and after deliberation, as required for first degree murder, encompasses rather than negates acting with conscious disregard of a substantial risk, the mens rea for reckless endangerment. *See* §§ 18–1–501(8), 18–3–208, C.R.S.2002.

Accordingly, defendant's convictions for attempted first degree murder after deliberation and reckless endangerment of the father are not inconsistent.

### IV.

Defendant contends that the trial court erred in failing to instruct the jury that attempted first degree assault and illegal discharge of a firearm are lesser included offenses of attempted first degree murder after deliberation. We disagree.

■ While a defendant may be convicted of multiple offenses arising out of a single transaction, the defendant cannot be convicted of an offense that is a lesser included offense of another charge on which he or she has been convicted. Section 18–1–408(1). A lesser offense is included within a greater offense if proof of the essential elements of the greater offense necessarily establishes all the elements required to prove the lesser offense. *People v. Skinner,* 53 P.3d 720 (Colo.App.2002); *People v. Webster,* 987 P.2d 836 (Colo.App.1998).

■ In determining whether an offense is lesser included, we compare the statutory elements of the offenses in question, not the evidence presented at trial. *People v. Leske,* 957 P.2d 1030 (Colo.1998).

■ As pertinent here, attempted first degree assault requires that a defendant act with the intent to cause serious bodily injury to another person *by means of a deadly weapon. See* §§ 18–2–101(1), 18–3–202(1). Use of a deadly weapon is not an element of attempted first degree murder after deliberation. *See* §§ 18–2–101(1), 18–3–102(1)(a). Thus, attempted first degree assault is not a lesser included offense of attempted first degree murder after deliberation. *See People v. Skinner, supra* (first degree assault is not a lesser included offense of attempted first degree murder); *People v. Webster, supra* (same).

As pertinent here, "[a]ny person who knowingly or recklessly discharges a firearm . . . into any motor vehicle occupied by any person, commits the offense of illegal discharge of a firearm." Section 18–12–107.5(1), C.R.S.2002. Discharge of a firearm is not an element of attempted first degree murder after deliberation. *See* §§ 18–2–101(1), 18–3–102(1)(a). Thus, illegal discharge of a firearm is not a lesser included offense of attempted first degree murder after deliberation.

Accordingly, the trial court did not err in instructing the jury.

### V.

Defendant next contends that one of his two convictions for attempted extreme indifference murder must be vacated. He argues that because § 18–3–102(1)(d), C.R.S.2002, proscribes conduct that "creates a grave risk of death to a person, *or persons*" (emphasis added), conduct that creates such a risk to more than one person constitutes only one offense. Thus, he argues, both the mother and the child should have been included in a single count of attempted extreme indifference murder. We are not persuaded.

Defendant relies on the words "person, or persons" in § 18–3–102(1)(d) but cites no other authority to support his interpretation of the statute. Defendant's interpretation of those words is undercut by *People v. Jeffer-*

*son,* 748 P.2d 1223 (Colo.1988), where the supreme court concluded that the General Assembly added the words "or persons" with the intent to limit the statute to situations where the actor demonstrated universal malice. Interpreted in this way, the words do not require that all victims of a defendant's universal malice be joined in a single count.

■ A division of this court has held that a defendant may be charged with and convicted of multiple counts of attempted extreme indifference murder where his or her conduct endangers several people. *See People v. Ellis, supra* (information charging defendant with two counts of attempted extreme indifference murder was not multiplicitous where defendant fired three shots into a closed door behind which he knew there were people, and defendant injured one victim, but did not hit the other); *see also People v. Lee, supra* (defendant convicted of three counts of attempted extreme indifference murder where one victim was wounded and two victims were not wounded by defendant's gunshots into an automobile). We are persuaded by the reasoning of *People v. Ellis, supra,* and follow it here.

Accordingly, defendant was properly convicted of multiple counts of attempted extreme indifference murder for shooting into a car with multiple passengers.

## VI.

Defendant contends that the trial court abused its discretion in admitting evidence of his gang involvement. Again, we disagree.

■ Evidence of a defendant's affiliation with a gang may be admitted when it is relevant to prove motive. However, relevant evidence should be excluded if its probative value is substantially outweighed by its prejudicial effect. CRE 403; *People v. Webster, supra.*

■ A trial court's admission of allegedly prejudicial evidence is reviewed for abuse of discretion. To constitute an abuse of discretion, the trial court's decision must be shown to be manifestly arbitrary, unreasonable, or unfair. In reviewing the trial court's determination, we must assume the maximum probative value and the minimum prejudicial effect to be expected. *People v. Webster, supra.*

■ Here, the trial court admitted limited evidence related to "names and colors and past gang association" as relevant to the motive for the shooting. The court also found that the prejudicial impact of such evidence did not outweigh its probative value.

At trial, the father testified that he and defendant were associated with rival gangs. He said that he believed the conflict with defendant was attributable to the color of the clothing the father was wearing during the incident and during the encounter at a grocery store the previous week. He believed the color had gang-related significance. Further, evidence was admitted describing gang affiliations of another man in the white car, who defendant argued at trial was the actual shooter.

Under these circumstances, the admission of such evidence was not manifestly arbitrary, unreasonable, or unfair. Accordingly, we perceive no abuse of discretion.

## VII.

Finally, defendant contends that the trial court abused its discretion in determining his sentence. He argues that the court impermissibly relied on facts from another case before the same court in which defendant was acquitted of first and second degree murder. We disagree.

■ Sentencing is by its nature a discretionary function. Because the trial court is more familiar with the defendant and the circumstances of the case, it is accorded wide latitude in its sentencing decisions. Thus, a trial court's sentencing decision will not be disturbed absent a clear abuse of discretion. *People v. Eurioste,* 12 P.3d 847 (Colo.App. 2000). Only in truly exceptional situations will an appellate court substitute its judgment for that of the trial court as to an appropriate sentence. *People v. Vigil,* 718 P.2d 496 (Colo.1986).

In exercising its sentencing discretion, a trial court must consider the nature and elements of the offense, the character and

rehabilitative potential of the offender, any aggravating or mitigating circumstances, and the public interest in safety and deterrence. The court may not place undue emphasis on any one of these factors to the exclusion of the others.

*People v. Eurioste, supra,* 12 P.3d at 850.

■ A trial court may consider a wide range of evidence in determining a defendant's sentence, including facts relating to charges of which the defendant has been acquitted. *United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997)(sentencing court may consider conduct underlying an acquitted charge where that conduct has been proved by a preponderance of the evidence); *People v. Le,* 74 P.3d 431, 2003 WL 297561 (Colo.App. No. 01CA1303, Feb. 13, 2003)(where defendant acquitted of murder, but convicted of other crimes regarding same victim, sentencing court properly considered defendant's conduct that set events in motion that led to victim's death); *People v. La Plant,* 670 P.2d 802 (Colo.App.1983)(sentencing court considered premeditation despite jury's verdict finding defendant guilty of second degree, rather than first degree, murder).

■ In determining defendant's sentence, the court considered the evidence in this case that defendant had been involved in an incident with the victims the week before the shooting, wanted to kill the father, and did not care whether others would be hurt in this "classic drive-by shooting." The court also considered defendant's decision to be involved with gangs and to sell drugs, which defendant acknowledged in his statement at the sentencing hearing.

The court stated that it would consider evidence presented in the other case, and it found that defendant in fact had shot the victim in that case. The court explained that this finding was pertinent to sentencing in the present case because it demonstrated that defendant was involved in two shootings within a two-day period, had a propensity to carry guns for the purpose of resolving disputes, had a lack of concern for the safety of others, and posed a risk to society. The court clarified that it accepted the not guilty verdict in the other case and was not sentencing defendant for his conduct surrounding that case or concluding that it constituted a criminal offense. Thus, the court's findings with respect to the other case merely provided additional information upon which to determine the appropriate sentence in this case.

The court considered the requisite factors in determining defendant's sentence. *See People v. Eurioste, supra.* Further, under these circumstances, the fact that the court considered evidence of defendant's behavior presented in the other case was not a violation of defendant's due process rights. *See United States v. Watts, supra; People v. Le, supra; People v. La Plant, supra.*

To the extent that defendant argues that his sentence is contrary to the Supreme Court's holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we note that the sentence is within the range available to the court as a result of the jury's verdict. Therefore, we reject his argument. *See People v. Allen,* 43 P.3d 689 (Colo.App.2001).

Accordingly, we conclude that the court did not abuse its discretion in determining defendant's sentence.

The judgment and sentence are vacated as to the attempted first degree assault of the mother and of the child; the judgment and sentence are affirmed in all other respects; and the case is remanded for correction of the mittimus.

Judge TAUBMAN and Judge CASEBOLT concur.