## No. C-966

**The People of the State of Colorado v. Nancy Jeanne Chapman**
(557 P.2d 1211)

Decided January 3, 1977.

Nolan L. Brown, Jefferson County District Attorney, Robert D. Kelly, Deputy, for petitioner.

Robinson-Robinson, P.C., Michael D. Boster, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

The defendant drove off a mountain road at about fifty miles per hour. She and her passengers had all been drinking at a bar at the top of the mountain until shortly before the accident. She was charged with reckless driving in the Jefferson County Court and convicted by a jury of careless driving as a lesser included offense. The district court reversed. We granted certiorari and now reverse the district court judgment.

## I. THE DISTRICT COURT DID NOT ERR IN REINSTATING THE APPEAL.

The defendant's attorney failed to comply with Crim.P. 37(e) by filing her brief in the district court within twenty days after the county court certified the record. Pursuant to an ex parte motion by the People, the district court dismissed the appeal.

Upon receiving notice of the dismissal, the defendant's counsel moved to vacate that order and reinstate the appeal. He asserted: (1) that neither he nor the defendant had received notice of the People's motion, and (2) that the brief would have been timely filed had he not mistakenly written the wrong filing deadline in his calendar. Expressing a concern for

fundamental fairness and a preference for deciding cases on the merits rather than on legal technicalities, the district court reinstated the appeal.

The People here contend that, absent an extension of time granted before expiration of the twenty-day filing period or a showing of "excusable neglect," the district court had no authority to reinstate the appeal. We disagree. The rule states: "In the discretion of the district court, the time for filing briefs and answers may be extended." Crim.P. 37(e). The trial court's discretion is not restricted to extensions requested within the normal filing time. The timely filing of a brief is not jurisdictional under this rule.

Citing *Farmers Insurance Group v. District Court*, 181 Colo. 85, 507 P.2d 865 (1973), the People argue that there must be a showing of excusable neglect before the court may reinstate the appeal. They further argue that the defense attorney here was merely careless, and the criteria of excusable neglect enunciated in *Farmers Insurance* were not met.

*Farmers Insurance*, however, was a *civil* case. It turned on interpretation of the provision of C.R.C.P. 6(b)(2) which expressly requires a showing of excusable neglect before the time for performing an act may be extended once the prescribed time has expired. No such excusable neglect prerequisite appears in Crim.P. 37(e). Obviously the court may consider excusable or inexcusable neglect among other factors in deciding whether to grant a motion to reinstate after late filing of a brief.

We hold that reinstatement of the appeal in the interest of justice was within the district court's discretion.

## II. *RECKLESS DRIVING INCLUDES CARELESS DRIVING.*

The People assert that the district court erred in holding that careless driving is not a lesser included offense when reckless driving is charged. We agree.

An offense is a lesser included offense if:

"(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

* * *

"(b) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission." Section 18-1-408(5), C.R.S. 1973.

In determining whether a particular crime is a lesser included offense, "the statutes which set forth the constituent elements of each crime must be compared." *People v. Rivera*, 186 Colo. 24, 26, 525 P.2d 431, 433 (1974). The "greater offense includes a lesser offense when the establishment of the essential elements of the greater necessarily establishes all of the elements required to prove the lesser." *Daniels v. People*, 159 Colo. 190, 193, 411 P.2d 316, 317 (1966).

Thus the issue is whether the elements of *reckless* driving include all the elements of *careless* driving. Reckless driving is defined as driving a motor vehicle "in such a manner as to indicate either a wanton or a willful *disregard* for the safety of persons or property. . . ." Section 42-4-1203(1), C.R.S. 1973 (emphasis added). Careless driving is defined as driving a motor vehicle "in a careless and imprudent manner, *without due regard* for the width, grade, curves, corner, traffic and use of the streets and highways and all other attendant circumstances. . . ." Section 42-4-1204(1), C.R.S. 1973 (emphasis added).

Each of these offenses consists of two elements: (1) the act of driving a motor vehicle, and (2) the state of mind in "disregard" of or "without due regard" for safety. Obviously the act required for each offense, driving a motor vehicle, is identical. The mental element of careless driving is, in essence, negligence; *i.e.*, the "careless and imprudent" frame of mind indicating the absence of due care. The mental element of reckless driving, likewise is negligence, but of a much higher, more aggravated degree which some authorities once denominated as "gross" negligence. In both statutes the essence of the mental element is disregard of safety in driving. In both it is the *absence* of care which renders the driving criminal. The two offenses differ only in that the degree of negligence required is far more culpable in reckless driving, although it falls short of intentional wrongdoing. It has been said that "'wilful,' 'wanton' or 'reckless' conduct tends to take on the aspect of highly unreasonable conduct, or an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." *W. Prosser, Torts* 185 (4th ed. 1971).

Thus it is apparent that one who commits reckless driving necessarily has been guilty of careless driving, for the greater degree of negligence includes the lesser. In terms of section 18-1-408(5), careless driving "is established by proof of the same or less than all the facts required to establish . . ."[1] reckless driving. Likewise, careless driving differs from reckless driving, "only in the respect that a less serious . . . risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."[2]

The judgment of the district court is reversed and the cause is remanded to the district court with instructions to reinstate the judgment of the county court.

MR. JUSTICE ERICKSON does not participate.

---

[1] Section 18-1-408(5)(a), C.R.S. 1973.

[2] *Id.* § 18-1-408(5)(c).