2012 COA 119

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Dylan T. ZWEYGARDT, Defendant–Appellant.**

**No. 10CA1714.**

Colorado Court of Appeals, Div. V.

July 19, 2012.

John W. Suthers, Attorney General, John D. Siedel, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Anthony J. DiCola, Hot Sulphur Springs, Colorado, for Defendant–Appellant.

Opinion by Judge HAWTHORNE.

¶ 1 Defendant, Dylan T. Zweygardt, appeals the judgment of conviction entered on jury verdicts finding him guilty of two careless driving resulting in death counts, one negligent homicide count, and three vehicular assault (reckless) counts. We affirm.

¶ 2 We conclude, as a matter of first impression, that careless driving is not a lesser included offense of vehicular assault (reckless).

¶ 3 While driving a pickup truck, defendant was speeding, failed to stop for a stop sign, and hit a Dodge Durango occupied by Y.S. and her two children, D.S. and V.S. Y.S. was airlifted to a hospital and later died. D.S.

was pronounced dead at the scene. V.S. suffered severe bodily injuries. Defendant and the passenger in his truck, K.T., also suffered severe bodily injuries. It was undisputed that defendant was not under the influence of alcohol or drugs when the collision occurred.

¶ 4 Defendant was charged with two vehicular homicide (reckless) counts concerning Y.S. and D.S., two negligent homicide counts concerning Y.S. and D.S., three vehicular assault (reckless) counts concerning Y.S., V.S., and K.T., and other traffic offenses not relevant to this appeal.

¶ 5 At trial, defendant's theory was that he had not consciously run the stop sign and had attempted to stop before the Durango became visible.

¶ 6 The jury acquitted defendant of the two vehicular homicide (reckless) charges but found him guilty of two counts of careless driving resulting in death concerning Y.S. and D.S., which were submitted as lesser included offenses of the vehicular homicide (reckless) charges in the jury instructions. It acquitted him of negligent homicide concerning Y.S., but convicted him of negligent homicide concerning D.S. Defendant was also found guilty of the three vehicular assault (reckless) charges.

¶ 7 This appeal followed.

### I. Instructions

¶ 8 Defendant contends the court erred in refusing his request to submit careless driving resulting in bodily injury[1] as a lesser included offense of vehicular assault (reckless) in the jury instructions. Because careless driving is not a lesser included offense of vehicular assault (reckless), we disagree.

### A. Background

¶ 9 The trial court granted defendant's request to submit a careless driving resulting in death jury instruction as a lesser included offense of the vehicular homicide (reckless) charges.[2] However, the trial court refused

---

1. As discussed in Part I.C. 1.b., bodily injury is a sentence enhancer, not a substantive element, of careless driving.

2. Trial courts have submitted jury instructions on careless driving resulting in death as a lesser included offense of vehicular homicide (reckless). *See, e.g., People v. Richardson*, 184 P.3d 755, 758

his request to submit a careless driving resulting in bodily injury instruction as a lesser included offense of the vehicular assault (reckless) charges, reasoning that because careless driving resulting in bodily injury does not require serious bodily injury and vehicular assault (reckless) does, "there [are] just too many differences" between the two offenses.

## B. Standard of Review

¶ 10 Whether an offense is a lesser included offense of another requires statutory interpretation and therefore poses a legal question that we review de novo. *See People v. Torres*, 224 P.3d 268, 275 (Colo.App.2009) ("We review de novo whether merger applies to criminal offenses because it is an issue of statutory interpretation."); *see also People v. Douglas*, 2012 COA 57, ¶ 8, 296 P.3d 234 ("To the extent that defendant's arguments turn on a question of statutory interpretation, our review is de novo.").

¶ 11 A trial court's refusal to provide a defendant's requested jury instruction is reviewed for harmless error. *Brown v. People*, 239 P.3d 764, 767 (Colo.2010).

## C. Analysis

¶ 12 Section 18–1–408(5), C.R.S.2011, provides that an offense is included in a charged offense when it (a) is established by proof of the same or less than all the facts required to establish the charged offense's commission; (b) consists of an attempt or solicitation to commit the charged offense or another included offense; or (c) differs from the offense charged only in that "a less serious

injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." § 18–1–408(5)(a)–(c), C.R.S.2011. Because this case does not involve attempt or solicitation, we consider subsections 18–1–408(5)(a) and (c) in turn.

### 1. Section 18–1–408(5)(a)

¶ 13 "Where the [G]eneral [A]ssembly proscribes conduct in different provisions of the penal code and identifies each provision with a different title, its intent to establish more than one offense is generally clear." *People v. Abiodun*, 111 P.3d 462, 465 (Colo.2005). To determine whether one crime is a lesser included offense of another crime under section 18–1–408(5)(a), Colorado courts apply the "strict elements test." *Meads v. People*, 78 P.3d 290, 294 (Colo. 2003). Under the "strict elements test," also known as the "statutory elements test" or the "*Blockburger* test," an offense is included in another offense if establishing the greater offense's statutory elements necessarily establishes all the lesser offense's elements. *See id.; People v. Leske*, 957 P.2d 1030, 1036 (Colo.1998); *People v. Carey*, 198 P.3d 1223, 1226 (Colo.App.2008); *see also* § 18–1–408(5)(a); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In conducting this analysis, we compare the offenses' statutory elements, not the evidence shown at trial. *Armintrout v. People*, 864 P.2d 576, 579 (Colo.1993).

¶ 14 With these legal principles in mind, we analyze whether vehicular assault (reckless) *necessarily* includes all of careless driving's essential elements.[3] Because it does

(Colo.2008); *People v. Balkey*, 53 P.3d 788, 790 (Colo.App.2002). We do not address the propriety of this instruction because the People did not appeal it. However, no Colorado appellate case has addressed whether careless driving is a lesser included offense of vehicular homicide (reckless) or vehicular assault (reckless).

**3.** *Meads* describes the strict elements test as follows: "In determining whether one offense is within the lesser-included category, this court has construed section 18–1–408(5)(a) to require a comparison of the statutory elements of each offense. Under the strict elements test, also known as the 'statutory elements test' or '*Blockburger* test,' if proof of facts establishing the

statutory elements of the greater offense necessarily establishes all of the elements of the lesser offense, the lesser offense is included for purposes of section 18–1–408(5)(a). However, if each offense necessarily requires proof of at least one additional fact which the other does not, the strict elements test is not satisfied and a presumption arises that a defendant can be convicted of both offenses." 78 P.3d at 294 (citations omitted). In concluding that second degree aggravated motor vehicle theft was not a lesser included offense of felony theft, our supreme court repeatedly stated that under the strict elements test, proof of the greater offense must necessarily establish all the lesser included offense's elements. *Id.* ("for almost thirty years we

not, we conclude that careless driving is not a lesser included offense of vehicular assault (reckless).

### a. Vehicular Assault (Reckless)

¶ 15 Section 18–3–205(1)(a), C.R.S.2011, provides, "If a person operates or drives a motor vehicle in a reckless manner, and this conduct is the proximate cause of serious bodily injury to another, such person commits vehicular assault." Thus, the elements of vehicular assault (reckless) are (1) operating or driving a motor vehicle; (2) in a reckless manner; (3) and this conduct proximately causes serious bodily injury to another. *Id.; see* COLJI–Crim. 3–2:18 (2008). The relevant mental state is recklessness. "A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists." § 18–1–501(8), C.R.S.2011.

### b. Careless Driving

¶ 16 Section 42–4–1402(1), C.R.S.2011, establishes the offense of careless driving and provides, in relevant part, "A person who drives a motor vehicle ... in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving." Careless driving is a class two misdemeanor if the driver does not proximately cause bodily injury or death to another. § 42–4–1402(2)(a), C.R.S.2011. However, if the driver's actions proximately cause bodily injury or death to another, it is a class one misdemeanor. § 42–4–1402(2)(b)–(c), C.R.S. 2011. Thus, bodily injury and death are not substantive elements of careless driving, but sentence enhancers. *See Armintrout,* 864 P.2d at 580 (statutory provisions raising an offense's level are sentence enhancers, not essential elements, but still must be proved beyond a reasonable doubt). Accordingly,

careless driving's essential elements are (1) driving a motor vehicle (2) in a careless and imprudent manner without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances. § 42–4–1402(1); *see* COLJI–Crim. 42:08 (2008).

### c. Application

■ ¶ 17 We conclude that careless driving is not a lesser included offense of vehicular assault (reckless) because establishing the latter does not necessarily establish the former for two reasons. First, vehicular assault (reckless) can be committed when a person operates or drives a motor vehicle, but careless driving requires driving only. Second, because "motor vehicle" is defined more narrowly in the Traffic Code than in the Criminal Code, careless driving requires that the defendant drive a motor vehicle "designed primarily for travel on the public highways," § 42–1–102(58), C.R.S.2011, whereas vehicular assault (reckless) can be committed by using "any self-propelled device by which persons or property may be moved, carried, or transported from one place to another *by land, water, or air,* except devices operated on rails, tracks, or cables," § 18–1–901(3)(k), C.R.S.2011 (emphasis added). We discuss these distinctions in turn.

### i. Operating and Driving

¶ 18 Vehicular assault (reckless) can be proved when the defendant operates or drives a motor vehicle. Careless driving, in contrast, requires proof that the defendant was driving.

¶ 19 In construing the vehicular assault (reckless) statute, we must give effect to the plain meaning of each and every word and phrase unless the result is ambiguous or nonsensical. *Harvey v. Farmers Ins. Exch.,* 983 P.2d 34, 38 (Colo.App.1998), *aff'd sub nom. Slack v. Farmers Ins. Exch.,* 5 P.3d

have applied the statutory test ... which mandates that the greater offense must establish every essential element of the lesser offense"); *id.* at 295 ("the offense of felony theft does not *necessarily* include all of the essential elements of aggravated motor vehicle theft"); *id.* ("proof that a defendant obtained or exercised control over 'anything of value' does not *necessarily* establish

that a defendant obtained or exercised control over a 'motor vehicle' "); *id.* ("although the offense of aggravated motor vehicle theft may be established by the facts establishing felony theft in a particular case, it is not necessarily established by proof of the same or less than all of the statutory elements of felony theft").

280 (Colo.2000). Accordingly, we presume that by including the phrase "operates or drives" the General Assembly believed that "operate" and "drive" have different meanings. Section 18-3-205(1)(a) disjunctively joins the alternatives "operate" and "drive," suggesting that the General Assembly intended to describe alternative ways of committing vehicular assault (reckless). *See Abiodun,* 111 P.3d at 467 (by joining alternatives disjunctively in a single provision of the criminal code, the legislature intended to describe alternative ways of committing a single crime).

¶ 20 Moreover, our supreme court has distinguished the terms "drive" and "operate." *People v. Stewart,* 55 P.3d 107, 115 (Colo. 2002). "Drive" means to exercise "actual physical control" over a motor vehicle. *Id.; see also* § 42-1-102(27), C.R.S.2011 (" 'Driver' means every person . . . who drives or is in actual physical control of a vehicle."). "Operate" is a somewhat broader term, connoting the action of causing something to occur or causing something to function, usually by direct personal effort. *Stewart,* 55 P.3d at 115; *see also People v. Gregor,* 26 P.3d 530, 532 (Colo.App.2000) ("operate" is broader than the term "drive"). However, neither term requires that the vehicle physically move or travel any particular distance. *People v. VanMatre,* 190 P.3d 770, 772 (Colo. App.2008).

¶ 21 Because the term "operate" is a broader term than "drive," *Stewart,* 55 P.3d at 115, one could operate a vehicle without necessarily driving it. Thus, careless driving is not a lesser included offense of vehicular assault (reckless) because the former requires proof that the defendant was driving, but proof of driving is not necessary to establish the latter. *See Meads,* 78 P.3d at 294.

¶ 22 If the remaining vehicular assault (reckless) elements were proved beyond a reasonable doubt, a defendant who operated a motor vehicle without driving it would be guilty of vehicular assault (reckless) but not careless driving. *But see People v. Esparza-Treto,* 282 P.3d 471, 479 (Colo.App.2011) (concluding that one cannot commit the offense of vehicular eluding without also committing the offense of reckless driving, but

not addressing that vehicular eluding requires "operating a motor vehicle," § 18-9-116.5(1), C.R.S.2011, and reckless driving requires driving, § 42-4-1401(1), C.R.S.2011); *People v. Cruthers,* 124 P.3d 887, 890 (Colo. App.2005) (DUI is a lesser included offense of vehicular assault (DUI), but not addressing difference that vehicular assault (DUI) requires operating or driving a motor vehicle whereas DUI requires driving only); *see also People v. Pena,* 962 P.2d 285, 289 (Colo.App. 1997) (concluding that reckless driving, § 42-4-1401, C.R.S.2011, is a lesser included offense of vehicular eluding, § 18-9-116.5, C.R.S.2011, without addressing that vehicular eluding requires a person to be *"operating* a motor vehicle" but reckless driving applies to "person who *drives* a motor vehicle" (emphasis added)).

¶ 23 Accordingly, careless driving is not a lesser included offense of vehicular assault (reckless) under the strict elements test. *See Meads,* 78 P.3d at 294; *cf. Leske,* 957 P.2d at 1040 (sexual assault on a child is not a lesser offense of sexual assault on a child by one in a position of trust because sexual assault requires that the victim be fifteen years old or younger, but position of trust offense requires only that the victim be less than eighteen years of age).

### ii. Motor Vehicle Definitions

¶ 24 Significantly, vehicular assault (reckless) and careless driving have different applicable definitions of "motor vehicle." The criminal code defines motor vehicle as "any self-propelled device by which persons or property may be moved, carried, or transported from one place to another *by land, water, or air,* except devices operated on rails, tracks, or cables fixed to the ground or supported by pylons, towers, or other structures." § 18-1-901(3)(k) (emphasis added). The traffic code, in contrast, defines motor vehicle more narrowly: " 'Motor vehicle' means any self-propelled vehicle that is *designed primarily for travel on the public highways* and that is generally and commonly used to transport persons and property over the public highways or a low-speed electric vehicle; except that the term does not include low-power scooters, wheelchairs, or

vehicles moved solely by human power." § 42–1–102(58) (emphasis added).

¶ 25 Thus, vehicular assault (reckless) can be committed by operating or driving a car, truck, boat, or plane. Careless driving, however, can only be committed by driving a vehicle intended for use on the public highways. Accordingly, one who inflicts serious bodily injury on another while drag-racing a speedboat may be guilty of vehicular assault (reckless), but not careless driving. Because one can commit vehicular assault (reckless) without necessarily committing careless driving, careless driving is not a lesser included offense of vehicular assault (reckless).[4] *See Meads,* 78 P.3d at 295 (aggravated motor vehicle theft is not necessarily established by proof of the same or less than all of the statutory elements of felony theft); *but see Esparza–Treto,* 282 P.3d at 479 (concluding that one cannot commit the offense of vehicular eluding without also committing the offense of reckless driving, but not addressing difference between Criminal Code's and Traffic Code's motor vehicle definitions); *Cruthers,* 124 P.3d at 890 (concluding that DUI is a lesser included offense of vehicular assault (DUI), but not addressing difference between Criminal Code's and Traffic Code's different definitions of motor vehicle and Traffic Code's definition of "vehicle" in § 42–1–102(112)); *see also Pena,* 962 P.2d at 289 (concluding that reckless driving is a lesser included offense of vehicular eluding without addressing Criminal Code's and Traffic Code's motor vehicle definitions).

### 2. Section 18–1–408(5)(c)

¶ 26 We further conclude that careless driving is not a lesser included offense of vehicular assault (reckless) under section 18–1–408(5)(c). That subsection provides that an offense is included in another when "it differs from the offense charged *only* in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." § 18–1–408(5)(c) (emphasis added). As discussed above, the statutes differ in that vehicular assault can be committed when the defendant operates or drives a motor vehicle, but careless driving can only be committed if the defendant drives a motor vehicle. Because this distinction is not one of the two ways that a lesser included offense can differ from the greater offense under section 18–1–408(5)(c), careless driving is not a lesser included offense of vehicular assault (reckless) under that subsection.

¶ 27 Moreover, another division of this court has concluded that reckless driving under section 42–4–1402(1) involves harm to different persons, property, and public interests than vehicular assault (reckless) and vehicular homicide (reckless). *People v. Clary,* 950 P.2d 654, 659 (Colo.App.1997) (rejecting the defendant's contention that reckless driving is a lesser included offense of vehicular assault (reckless) and vehicular homicide (reckless) under section 18–1–408(5)(c)).

¶ 28 Accordingly, careless driving is not a lesser included offense of vehicular homicide (reckless), and the trial court did not err in refusing to provide defendant's requested instruction.[5]

## II. Inconsistent Verdicts

¶ 29 Defendant contends that several jury verdicts here are inconsistent. We discern no basis for reversal.

¶ 30 Whether verdicts are inconsistent poses a legal question that we review de novo. *See People v. Valenzuela,* 216 P.3d 588, 590 (Colo.2009). "Generally, consistency among verdicts is unnecessary, but if an element of one crime negates an element of another crime, guilty verdicts on both crimes are legally and logically inconsistent and should not be sustained." *People v. Beatty,* 80 P.3d 847, 852 (Colo.App.2003); *see also*

---

4. Here, defendant drove a truck. However, in determining whether an offense is a lesser included of another offense, we compare the offenses' statutory elements, not the evidence shown at trial. *See Armintrout,* 864 P.2d at 579.

5. We do not address whether the trial court erred in refusing to submit careless driving as a lesser nonincluded offense in the jury instructions because defendant argues on appeal only that the trial court erred in refusing to submit careless driving as a lesser included offense.

*People v. Frye*, 898 P.2d 559, 569–70 n. 13 (Colo.1995).

## A. Culpable Mental States

 ¶ 31 Defendant maintains that he cannot have simultaneously been reckless, criminally negligent, and careless—the culpable mental states required for his convictions—in the course of a single accident. Because no element of one offense negates an element of another, we disagree.

¶ 32 Examining the relevant culpable mental states is instructive.

- "A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists." § 18–1–501(8).

- "A person acts with criminal negligence when, through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists." § 18–1–501(3), C.R.S.2011.

- Careless driving requires that the defendant drive a motor vehicle "without due regard." § 42–4–1402(1).

¶ 33 Criminal negligence is a less culpable mental state than recklessness. *People v. Hall*, 999 P.2d 207, 219 (Colo.2000); *see* § 18–1–503(3), C.R.S.2011. Thus, proof that a defendant was reckless necessarily establishes that he or she acted with criminal negligence.

¶ 34 Criminal negligence requires a gross deviation from the standard of care. § 18–1–501(3). Careless driving requires that the defendant drive without due regard. A person who grossly deviates from the standard of care that a reasonable person would exercise and fails to perceive a substantial and unjustified risk that a result will occur or that a circumstance exists, has necessarily acted without due regard for safety. *See People v. Chapman*, 192 Colo. 322, 325, 557 P.2d 1211, 1213–14 (1977) (careless driving is a lesser included offense of reckless driving because "the greater degree of negligence includes the lesser").[6] Thus, contrary to defendant's contention, none of the culpable mental states negates another. Accordingly, his convictions are not legally inconsistent. *See People v. Gonzales*, 926 P.2d 153, 155 (Colo.App.1996) (verdicts were not legally inconsistent because no element of one offense necessarily negated the existence of an element of the other offense).

 ¶ 35 Moreover, evidence that defendant was driving 73 m.p.h. when the applicable speed limit was 55 m.p.h. less than 30 seconds before the accident occurred and was unable to stop at a stop sign before striking the Durango at 62.8 m.p.h. was sufficient, under the evidence presented here, to prove the culpable mental states required for each of his convictions. *See Frye*, 898 P.2d at 571 n. 14 (each guilty verdict must be based on sufficient evidence).

## B. Negligent Homicide Verdicts

 ¶ 36 Defendant argues that the jury verdicts finding him guilty of negligent homicide as to D.S., but not Y.S., are inconsistent. Again, we discern no basis for reversal.

 ¶ 37 Convictions will generally be upheld irrespective of their rational incompatibility with acquittals, provided sufficient evidence supports each guilty verdict. *See id.* at 570 (a defendant cannot attack a conviction on the basis that it is inconsistent with an acquittal on another charge, except in certain conspiracy cases as prohibited under § 18–2–206(2), C.R.S.2011, and *Robles v. People*, 160 Colo. 297, 417 P.2d 232 (1966)); *see also United States v. Powell*, 469 U.S. 57, 65, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (recognizing that inconsistent verdicts may

---

**6.** *Chapman* was decided before the General Assembly followed the Model Penal Code's suggestion and adopted a provision specifically defining culpable mental states. *Hall*, 999 P.2d at 216. Thus, *Chapman*'s references to "negligence" and "recklessness" should not be confused with section 18–1–503's definitions of culpable mental states. Rather, *Chapman* refers to those terms' common law meanings. Moreover, careless driving and reckless driving are traffic offenses found in the Uniform Motor Vehicle Law in Title 42, and not the Criminal Code in Title 18. *See Palmer v. People*, 964 P.2d 524, 527 (Colo.1998) (precise mental states defined in section 18–1–501 apply only to "offenses" or substantive crimes in the Criminal Code).

result from juror compromise or lenity). Because rational compatibility between defendant's conviction and acquittals is not required in these circumstances, we discern no basis for reversal. *See Frye*, 898 P.2d at 569 (subject to conspiracy exception, inconsistent verdicts of guilt and acquittal do not provide a defendant with a basis for relief).

### III. Merger

¶ 38 Defendant contends that several of his convictions merge. We disagree.

¶ 39 The Double Jeopardy Clauses of the United States and Colorado Constitutions generally prohibit multiple punishments for greater and lesser included offenses. U.S. Const. amend. V; Colo. Const., art. II, § 18; *Leske*, 957 P.2d at 1035. A defendant may be convicted of multiple offenses arising out of the same transaction, but multiple convictions must be merged if one offense is included in the other. § 18–1–408(1)(a), C.R.S.2011; *Torres*, 224 P.3d at 275. One offense is included in another if the greater offense's statutory elements necessarily establish all the lesser offense's elements. *Leske*, 957 P.2d at 1035–36.

> Where the [G]eneral [A]ssembly proscribes conduct in different provisions of the penal code and identifies each provision with a different title, its intent to establish more than one offense is generally clear. Unless all of the elements of a separately-designated offense are included among the elements of another, and therefore the one is considered the same as, or included within, the other, *see Blockburger*, 284 U.S. at 304, 52 S.Ct. 180, . . . a legislative intent to permit separate punishments for each can be presumed.

*Abiodun*, 111 P.3d at 465. In determining whether an offense is a lesser included of another offense, we consider the offenses' statutory elements, not the evidence presented at trial. *Leske*, 957 P.2d at 1036.

¶ 40 We review de novo whether merger applies to criminal offenses. *Torres*, 224 P.3d at 275.

### A. Convictions Concerning D.S.

¶ 41 Defendant contends that his careless driving and criminally negligent homicide convictions concerning D.S. merge because defendant "cannot be convicted of negligently killing him and carelessly killing him." We conclude that defendant's convictions concerning D.S. do not merge.

¶ 42 Careless driving requires that the defendant drive a motor vehicle, bicycle, electrical assisted bicycle, or low-power scooter. § 42–4–1402(1). Criminally negligent homicide, however, does not contain a driving element. § 18–3–105, C.R.S.2011. Accordingly, careless driving is not a lesser included offense of criminally negligent homicide. *See* § 18–1–408(5)(a); *cf. Meads*, 78 P.3d at 295 (felony theft does not necessarily include all the elements of aggravated motor vehicle theft because the latter is committed only by obtaining or exercising control over a motor vehicle, while the former can be committed by obtaining or exercising control over any number of things); *People v. Marquez*, 107 P.3d 993, 999 (Colo.App.2004).

¶ 43 Nor is criminally negligent homicide a lesser included offense of careless driving. In addition to requiring another's death, which is not an essential element in careless driving but only a sentence enhancer, criminally negligent homicide requires a more culpable mental state than careless driving. Because careless driving's elements do not necessarily establish criminally negligent homicide's elements, criminally negligent homicide is not a lesser included offense of careless driving. *See Meads*, 78 P.3d at 295. Therefore, defendant's convictions for criminally negligent homicide and careless driving do not merge. *See* § 18–1–408(5)(a); *Marquez*, 107 P.3d at 999.

### B. Convictions Concerning Y.S.

¶ 44 Because, as we have concluded, careless driving is not a lesser included offense of vehicular assault (reckless), defendant's convictions for assaulting Y.S. and careless driving resulting in Y.S.'s death do not merge. *See* § 18–1–408(5)(a); *Marquez*, 107 P.3d at 999.

## C. Convictions for Counts 2 and 3

¶ 45 Defendant maintains that "Counts 2 and 3 should merge." We disagree.

¶ 46 Defendant was acquitted of count 3–criminally negligent homicide concerning Y.S., and an acquittal cannot merge into a conviction. Because defendant was not convicted of multiple offenses in counts 2 and 3, this claim is without merit. *See Armintrout,* 864 P.2d at 578–79 (convictions for multiple offenses arising out of a single transaction may stand if a defendant violates more than one statute, but Double Jeopardy, § 18–1–408(1)(a), and the judicially created rule of merger prohibit a court from imposing multiple punishments for a greater and lesser offense).

## D. Careless Driving Convictions

¶ 47 Defendant does not argue, and we therefore do not address, whether his careless driving convictions merge.

¶ 48 The judgment is affirmed.

Judge LOEB and Judge MILLER concur.