The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
December 13, 2018

## 2018COA171

**No. 2016CA138, *People v. Rigsby* — Crimes — Assault in the Second Degree — Assault in the Third Degree; Criminal Law — Mens Rea; Constitutional Law — Fifth Amendment — Double Jeopardy**

In this direct appeal of convictions for two counts of second degree assault and one count of third degree assault, a division of the court of appeals considers the remedy to apply when jury verdicts are logically and legally inconsistent.

The division concludes that a defendant cannot stand convicted of both second degree assault, for having acted intentionally or recklessly, and third degree assault, for having been unaware of an attendant risk, for the same act. Thus, the division rejects the conclusion announced in *People v. Zweygardt*, 2012 COA 119, 298 P.3d 1018, that the mental state of recklessness subsumes that of criminal negligence.

Further, the division determines that legally and logically inconsistent verdicts require the court to set aside the convictions to allow a jury to consider charges anew, rejecting the remedy announced in *People v. Beatty*, 80 P.3d 847 (Colo. App. 2003), that inconsistent verdicts must merge.

Finally, the division concludes that the United States and Colorado Constitutions protect a defendant from multiple convictions for the same offense when the relevant statute provides alternative methods of committing the same offense rather than prescribing multiple punishments for the same crime.

Accordingly, the division reverses and remands to the district court for a new trial.

COLORADO COURT OF APPEALS    **2018COA171**

Court of Appeals No. 16CA0138
Boulder County District Court No. 14CR1706
Honorable Maria E. Berkenkotter, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Derek Michael Rigsby,

Defendant-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE TAUBMAN
Terry and Fox, JJ., concur

Announced December 13, 2018

Cynthia H. Coffman, Attorney General, Jillian J. Price, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jessica Sommer, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Derek Michael Rigsby, appeals his judgment of conviction of two counts of second degree assault and one count of third degree assault arising from his involvement in a bar fight. Rigsby contends that (1) the district court erred in precluding prior consistent statements; (2) his convictions are logically and legally inconsistent because they relate to the same conduct yet contemplate separate mental states of culpability; and (3) his multiple convictions for second degree assault based on the same criminal act violate the Double Jeopardy Clause.  Because we agree with his second contention, we reverse and remand to the district court for a new trial.

## I.  Background

¶ 2    In September 2014, Rigsby, along with his girlfriend, Leah Lusk, and two of their friends, Katie Pace and Jordan Kinnett, went to a bar.  Lusk and Pace left the company of Rigsby and Kinnett to go to the dance floor, where Nathan Mohrman and Benjamin Galloway began talking to the women.  Rigsby testified that Pace looked uncomfortable and annoyed, and he received a text from Lusk directing him to act like Pace's boyfriend.

¶ 3     The following events were disputed at trial.  Rigsby testified that he stepped between Mohrman and Pace, stating that "she's not interested."  He testified that Mohrman initially backed away but then grabbed Rigsby by the shoulder and began yelling at him, forcing Rigsby to use his elbow to push Mohrman away.  Rigsby recalled that, at this point, he was attacked from behind and received multiple blows to the head before, fearing for his life, he swung at his attacker.  He testified that he failed to realize that he was holding a glass in his hand and did not notice his hand was bleeding until bar staff escorted him out of the bar.  He went home without contacting police.

¶ 4     Mohrman testified that he spoke to Lusk and Pace for about five minutes before he and Galloway stepped away to stand by themselves.  He stated that, after moving away, Rigsby knocked into him, causing Mohrman to spill his drink.  He and Galloway asserted that, as Mohrman reached out to tap Rigsby on the shoulder, Rigsby rapidly turned around and struck Mohrman in the face with a glass.  A bystander reported that Rigsby hit Mohrman in the face with a glass, and it seemed unprovoked by Mohrman.

Mohrman immediately went to the hospital and received several stitches.

¶ 5     The following day, Rigsby contacted police and recounted the night's events to a detective.  The district attorney charged Rigsby with three counts of second degree assault based on his act of hitting Mohrman in the face with a glass.  The jury convicted him of two counts of second degree assault, pursuant to section 18–3–203(1)(d), (g),[1] C.R.S. 2018, and one count of third degree assault, a lesser included offense under section 18–3–204(1)(a), C.R.S. 2018.  The trial court sentenced him to five years in the custody of the Department of Corrections for the second degree assault convictions and sixty-six days in jail for the third degree assault conviction, with all sentences running concurrently.  Rigsby now appeals his convictions and requests a new trial.

---

[1] As relevant here, a person commits second degree assault if he or she "recklessly causes serious bodily injury to another person by means of a deadly weapon," § 18–3–203(1)(d), C.R.S. 2018, or "[w]ith intent to cause bodily injury to another person, he or she causes serious bodily injury to that person or another," § 18–3–203(1)(g).

## II. Inconsistent Verdicts

¶ 6    Rigsby contends that the jury verdicts are logically and legally inconsistent because the second degree assault convictions required the jury to determine he was aware of the risk of bodily injury, and thus acted with intent or recklessly, while the third degree assault conviction required the jury to find he was unaware of the risk of bodily injury.  We agree.

### A. Standard of Review

¶ 7    We review de novo whether a conviction must be set aside based on inconsistency in the jury's verdicts.  *People v. Zweygardt*, 2012 COA 119, ¶ 30, 298 P.3d 1018, 1024.

### B. Applicable Law

¶ 8    Courts assume verdicts are consistent when each offense requires proof of separate and distinct elements; however, this is not the case when jury verdicts convict a defendant of multiple crimes and the existence of an element of one crime negates the existence of a necessary element of another crime.  *See People v. Frye*, 898 P.2d 559, 569 n.13 (Colo. 1995) (stating that courts agree verdicts are legally and logically inconsistent under these circumstances).  We cannot sustain legally and logically

4

inconsistent verdicts. *Id.*; *see also People v. White*, 64 P.3d 864, 875 (Colo. App. 2002).

¶ 9    While acknowledging that legally and logically inconsistent verdicts cannot be sustained, a division of our court stated that, when the court encounters inconsistent verdicts, convictions should merge to "maximize the effect of the jury's verdict, retaining as many convictions and upholding as many sentences as are legally possible." *People v. Beatty*, 80 P.3d 847, 853 (Colo. App. 2003); *see People v. Lee*, 914 P.2d 441, 448 (Colo. App. 1995). Therefore, the *Beatty* division held that the proper remedy for inconsistent verdicts is to merge and maximize the convictions. 80 P.3d at 853. However, more recently, a division of our court reasoned that logically and legally inconsistent verdicts require a new trial because we cannot reconcile the jury's findings to determine its intent; therefore, we must set aside the convictions and allow a jury to make new findings supported by the evidence. *See People v. Delgado*, 2016 COA 174, ¶¶ 32–33, 410 P.3d 697, 702 (rejecting the reasoning in *Beatty* and *Lee*) (*cert. granted* Dec. 11, 2017).

¶ 10    The determination of whether verdicts are legally and logically inconsistent, and thus negate each other, rests on the language in

5

the applicable statutes.  *Id.* at ¶ 16, 410 P.3d at 700.  Section 18–3–203(1)(d) requires a finding that a defendant acted recklessly in causing serious bodily injury to convict for second degree assault.  Section 18–3–203(1)(g) requires a finding that a defendant intended to cause, and actually caused, bodily injury to the victim to convict for second degree assault.  In contrast, section 18–3–204(1)(a), as applicable here, required the jury to find that Rigsby acted with criminal negligence in causing bodily injury with a deadly weapon to convict for third degree assault.

¶ 11     A defendant acts recklessly[2] or with intent[3] when he or she *knows* that certain actions could result in bodily injury and disregards the risk or has a conscious objective to cause bodily injury.  *See* § 18–1–501(5), (8), C.R.S. 2018.  A defendant acts with criminal negligence when he or she "fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists."  § 18–1–501(3).

---

[2] "A person acts recklessly when he *consciously* disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists."  § 18–1–501(8), C.R.S. 2018 (emphasis added).

[3] "A person acts . . . 'with intent' when his *conscious objective* is to cause the specific result proscribed by the statute defining the offense."  § 18–1–501(5) (emphasis added).

¶ 12    The *Beatty* division concluded, and we agree, that a finding of an intentional mens rea subsumes a reckless mens rea. Accordingly, a finding of intentional conduct does not negate a reckless mens rea. *Beatty*, 80 P.3d at 853–54; *see* § 18–1–503(3), C.R.S. 2018. Thus, if a defendant is convicted of one offense for acting recklessly and another for acting intentionally with regard to the same conduct, the convictions are consistent.

¶ 13    However, to act recklessly or with intent requires that a defendant act with knowledge of a result, or potential result, while to act with criminal negligence requires that a defendant act without knowledge of a result. Therefore, separate convictions for both knowing and negligent mental states for the same act cannot be sustained because a defendant cannot consciously act and also fail to perceive a risk simultaneously.[4] *See Delgado*, ¶ 31, 410 P.3d at 702.

### C. Analysis

¶ 14    We agree with the remedy announced in *Delgado* that convictions based on inconsistent *mentes reae* cannot stand. Thus,

[4] Because it was not raised, we do not address whether criminally negligent homicide may be treated as a lesser included or lesser nonincluded offense of reckless or intentional homicide.

7

we reject the remedy set forth in *Beatty* that inconsistent verdicts should be remedied by vacating one conviction so as to maximize the jury's verdict.[5] Rigsby's convictions of two counts of second degree assault and one count of third degree assault are based on legally and logically inconsistent verdicts. Therefore, they cannot be sustained. *Delgado*, ¶ 32, 410 P.3d at 702. The jury convicted Rigsby based on three mental states for the same criminal act — hitting Mohrman in the face with a glass. While the convictions on the two counts of second degree assault are not inconsistent, we conclude that Rigsby could not have simultaneously acted with knowledge — intentionally or recklessly — to cause bodily injury while also acting without knowledge, unaware of the risk of causing bodily injury.

¶ 15 We recognize that the *Zweygardt* division reached the opposite conclusion, determining that "proof that a defendant was reckless necessarily establishes that he or she acted with criminal negligence." *Zweygardt*, ¶ 33, 298 P.3d at 1025. Thus, the

---

[5] Though the author judge concurred with the division's decision in *People v. Beatty*, 80 P.3d 847 (Colo. App. 2003), he is persuaded by the court's later reasoning in *People v. Delgado*, 2016 COA 174, 410 P.3d 697, regarding the remedy for inconsistent verdicts.

*Zweygardt* division concluded that the mental states of recklessness and criminal negligence do not negate each other. *Id.* We disagree with this conclusion because it effectively eviscerates the *Frye* court's holding that legally and logically inconsistent verdicts cannot stand.[6] The plain language of section 18–1–501(8) — the statute defining recklessness — requires a court fact finder to determine that a defendant was aware of a certain risk, while section 18–1–501(3) — the statute defining criminal negligence — requires a fact finder to determine the defendant was unaware of a certain risk. While a defendant may be charged on both theories of recklessness and negligence, we conclude, contrary to the analysis in *Zweygardt*, that a defendant's convictions based on both theories are legally and logically inconsistent. *Id.*; *see Frye*, 898 P.2d at 569 n.13.

¶ 16    The People argue that, when we determine verdicts are inconsistent, we should maximize the effect of the jury's verdicts by employing the approach that yields the longest sentence. *See*

---

[6] The decisions of other divisions of our court are not binding on our division. *People v. Thomas*, 195 P.3d 1162, 1164 (Colo. App. 2008).

9

*People v. Vigil*, 251 P.3d 442, 450 (Colo. App. 2010); *see also Beatty*, 80 P.3d at 853. We disagree.

¶ 17 Following this logic, the People contend that the two second degree assault counts should merge, resulting in Rigsby being convicted of recklessly causing serious bodily injury by means of a deadly weapon. The People further argue that recklessness inherently encompasses criminal negligence, so there is no legal or logical inconsistency between the second and third degree assault convictions, and therefore, a new trial is unnecessary. *See People v. Hall*, 999 P.2d 207, 219–20 (Colo. 2000).

¶ 18 However, we do not read *Hall* as the People do. In fact, *Hall* distinguishes negligence from recklessness by asserting "even if [he or] she should be, a person who is not actually aware that [his or] her conduct creates a substantial and unjustifiable risk is not acting recklessly." *Id.* at 220.

¶ 19 Thus, we disagree with the People's contention that a new trial is unnecessary and that Rigsby's three convictions should merge. We cannot determine the jury's intent because the verdicts are logically and legally inconsistent. Further, requiring a new trial here is not an academic exercise because the second degree assault

10

convictions are class 4 felonies (with a five-year sentence) but the third degree assault conviction is a class 1 misdemeanor (with a sixty-six day sentence). [7] The convictions must be set aside to allow a jury to consider the charges against Rigsby anew.

## III.  Double Jeopardy

¶ 20    Rigsby contends, the People concede,[8] and we agree that Rigsby's three convictions must merge because they are multiplicitous and violate the Double Jeopardy Clause.  We address this issue because it could arise on remand.

## A.  Applicable Law

¶ 21    The United States and Colorado Constitutions preclude a defendant from being convicted and punished twice for the same crime.  U.S. Const. amends. V, XIV; Colo. Const. art. II, § 18.  If the legislature intended to provide multiple punishments for the same criminal conduct, the prosecution may charge a defendant with separate counts based on alternative methods of committing a

---

[7]  Class 4 felonies carry a presumptive sentencing range of two to six years imprisonment.  § 18–1.3–401(1)(a)(V)(A), C.R.S. 2018.  Class 1 misdemeanors carry a presumptive sentencing range of six to eight months imprisonment.  § 18–1.3–501(1)(a), C.R.S. 2018.

[8]  We rely on our own legal interpretations and are not bound by the concessions of the parties.  *See People v. Backus*, 952 P.2d 846, 850 (Colo. App. 1998).

single offense. *People v. Abiodun*, 111 P.3d 462, 467 (Colo. 2005). However, a defendant is constitutionally protected from multiple *convictions* for the same offense when the relevant statute does not create separate offenses for the same criminal conduct. *See id.*

## B. Analysis

¶ 22   If, on remand, the jury again convicts Rigsby of both second degree assault counts, the convictions must merge as discussed above. Because the second degree assault statute provides alternative methods of committing the same offense, it cannot prescribe multiple punishments for the same criminal conduct. Because the third degree assault conviction is for a lesser included offense, the People concede that Rigsby may not be convicted on remand of both second and third degree assault based on the same act. *See Page v. People*, 2017 CO 88, ¶ 9, 402 P.3d 468, 470 ("A conviction for an offense that is a lesser included offense of a greater offense must merge into the conviction for the greater offense.").

## IV. Exclusion of Evidence

¶ 23   Since we reverse the convictions and remand for a new trial, we need not address whether the district court properly exercised

12

its discretion in precluding prior consistent statements offered by Rigsby. This prior ruling shall not bind any party at retrial.

## V. Conclusion

¶ 24    Accordingly, the convictions are reversed, and the case is remanded to the district court for a new trial.

JUDGE TERRY and JUDGE FOX concur.